IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION)

RECEIVED

2006 DEC 13  P 4· 42

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

JACQUARD MERRITT,          )
                          )
    Plaintiff,            )
                          )
v.                        )  CASE NO. 2:06cv 1105-MEF
                          )
                          )
CITY OF MONTGOMERY, et al.,   )
                          )
    Defendants.           )

## NOTICE OF REMOVAL OF CIVIL ACTION

    To the Honorable Judges of the United States District Court for the Middle District of Alabama, Northern Division:

    **COME NOW** Defendants, City of Montgomery, Chief Arthur Baylor, Major Henry Davis and Corporal T. D. James, and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343, and hereby gives notice of the removal of the above-captioned civil action styled Jacquard Merritt, Plaintiff v. City of Montgomery, Drug Enforcement Agency, T.D. James, Henry Davis and Arthur Baylor, Defendants, Civil Action No.: CV-06-2215, from the Circuit Court from Montgomery County, Alabama, where it is now pending, to the United States District Court for the Middle District  of Alabama, Northern Division.

    As grounds for this removal, Defendants show unto the Court and alleges as follows:

    1.    Defendant City of Montgomery is a municipal corporation in Montgomery County, Alabama.  Individual Defendants are over the age of nineteen (19) years of age and employees of City of Montgomery.

    2.    The Plaintiff, Jacquard Merritt is over the age of majority and a resident citizen of the

1

State of Alabama.

3.    This action styled <u>Jacquard Merritt, Plaintiff  v. City of Montgomery, Drug Enforcement Agency, T.D. James, Henry Davis and Arthur Baylor, Defendants</u>, was filed in the Circuit Court from Montgomery County, Alabama as Civil Action No. CV-06-2215.

4.    This action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983, 28 U.S.C. §1343, and may be removed by Defendants pursuant to 28 U.S.C. §1441(b) and 28 U.S.C. §1443.  Defendants remove this action pursuant to 28 U.S.C. §1441, 28 U.S.C. §1331, 28 U.S.C. §1343, 28 U.S.C. 1367 and 28 U.S.C. §1443.

5.    In the Amended Complaint filed in the Circuit Court of Montgomery County, Alabama on November 8, 2006 and served on Defendants, City of Montgomery, T.D. James, Henry Davis and Arthur Baylor on November 13, 2006, Plaintiff claims jurisdiction pursuant to 42 U.S.C.A. §1983 alleging that Defendants Davis and James were acting under color of law in the performance of their duties for the City of Montgomery and deprived Plaintiff of his Fourth and Fourteenth Amendment rights.   Plaintiff also alleges state law claims of Conversion and Conspiracy to Convert.

6.    This notice of removal is timely filed with this Court within the thirty (30) day limitations set forth in 28 U.S.C. §1446(b).  This action became removable on November 13, 2006, 2004, which is the date Defendants were served with the copy of Plaintiff's Amended Complaint. This Court has supplemental jurisdiction over all other claims of the Plaintiff pursuant to 28 U.S.C. §1367.

7.    This Notice of Removal is filed in this district and division pursuant to 28 U.S.C. §1446(a) and 28 U.S.C. §1443 as the court for the United States for the district and division within which such action is pending.  Venue is proper pursuant to 28 U.S.C. §1391(b).

2

8.      A copy of the Complaint, Amended Complaint and Answer and orders filed in said action in the Circuit Court of Montgomery County, Alabama, are attached hereto as Exhibit "A" and made a part hereof in accordance with 28 U.S.C. §1446(a).

9.      In accordance with 28 U.S.C. §1446(d), a true and correct copy of this notice of removal is being filed with the Clerk of the Circuit Court of Montgomery County, Alabama, and written notice thereof by service has been given to all adverse parties. A copy of the notice of filing of notice of removal is attached hereto as Exhibit "B".

10.     Pursuant to 28 U.S.C. §1446(b), a true and correct copy of this notice of removal is being filed with the Circuit Court of Montgomery County, Alabama.

11.     By filing this notice of removal, this Defendant does not waive any defense that may be available to the Defendant.

**WHEREFORE**, Defendants file this notice of removal so as to effect the removal of this action from the Circuit Court of Montgomery County, Alabama, to this court. Defendants pray this Honorable Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause so that all proceedings that may have been had in said Circuit Court are removed to this Court. Defendants further pray that the removal of this cause to this court should be effected and that no further or other proceedings shall be had with respect to this cause in the Circuit Court of Montgomery County, Alabama.

Respectfully submitted this the _13th_ day of December, 2006.

_____
Kimberly Ø Fehl (FEH001)


**OF COUNSEL:**
Legal Department

3

City of Montgomery
Post Office Box 1111
Montgomery, Alabama  36101-1111
(334) 241-2050
(334) 241-2310 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of the above and foregoing to the attorneys listed

below by hand delivery or by placing a copy of same in the United States Mail, postage prepaid, this

13th day of December, 2006:

> Joe M. Reed, Esq.
> 524 S. Union Street
> Montgomery, Alabama 36104
>
> John T. Harmon, Esq.
> Assistant U.S. Attorney
> One Court Square
> Montgomery, Alabama  36104

Of Counsel

4

IN THE CIRCUIT COURT OF MONTGOMERY, ALABAMA
15TH JUDICIAL CIRCUIT

| | | |
|---|---|---|
| Jacquard Merritt | * | |
| Plaintiff, | * | |
| | * | CV-06-2215 |
| VS. | * | |
| | * | |
| | * | |
| City of Montgomery, et al., | * | |
| | * | |
| | * | |
| DEFENDANTS. | * | |

## AMENDED COMPLAINT
## AND MOTION FOR RELEASE AND RETURN OF SEIZED MONEY

Now Comes the Plaintiff/claimant Jacquard Merritt, by and through the undersigned, and

moves this Honorable Court for declaratory and injunctive relief and an Order releasing

and returning to him certain personal property belonging to him unlawfully seized by the

Montgomery, Alabama Police Department which is currently being held by the United

States of America or its agent, the Drug Enforcement Administration, to wit: Eight

Thousand Dollars ($8,000) in lawful United States currency.  As grounds Plaintiff shows

the Court the following:

## JURISDICTION

Jurisdiction is conferred via 42 U.S.C.A. §1983

## PARTIES

City of Montgomery is a municipality created by and recognized by the

legislature of the State of Alabama.  Plaintiff avers that the City of Montgomery

condoned the unlawful activities of the defendant police officers by acquiescing in and expressing indifference to the alleged police misconduct and/or ratifying or encouraging police officers random stopping and searching of young black men to combat the "war on drugs".

Defendant Drug Enforcement Agency is a creation of the Executive Branch of the United States of America and located in Montgomery, Alabama.

Defendant T.D. James arrested or caused the arrest of the plaintiff knowing it was without probable cause.

Defendant Henry Davis orchestrated and or ratified Officer James's illegal arrest without probable cause by authorizing the plaintiff's arrest. Davis conspired knew the defendant was arrested without probable cause, and failed to take corrective measures.

Defendant Arthur Baylor was aware the defendant's arrest was without probable cause and the illegal detention of his money but failed to otherwise intervene.

## FACTS

1. On or about July 28, 2006, the Montgomery Police Department seized approximately Eight Thousand Dollars ($8,000.00) in lawful cash, coin, or currency of the United States of America, the property of the plaintiff/claimant Jacquard Merritt.

2. The plaintiff was lawfully traveling on the city streets of Montgomery, Alabama and lawfully carrying United States currency and conducting himself in a lawful manner when Montgomery Police Officers stopped

him without reasonable suspicion of criminal activity and arrested him

without probable cause of committing a crime.

3.    The plaintiff was ordered out of his vehicle and frisked whereupon

officers discovered his money.  He was not charged with a controlled

substance crime by any state agency or federal agency, yet he was taken to

the Montgomery Police Department for interrogation.  Upon arriving at

the police station and discovering no evidence of a controlled substance

crime, officers performed a background check for warrants and discovered

two outstanding misdemeanor Domestic Violence warrants.  The

defendant was served with those warrants and transported to the

Montgomery County Detention Facility for processing.

4.    Mr. Merritt went to the Montgomery Police to retrieve his money where

upon he was threatened by Montgomery police officer T.D. James with a "

conspiracy charge" if he continued his inquiries. Henry Davis was aware

of the plaintiff's visit and his purpose but summarily dismissed him.

5.    After discovering that there was no lawful reason to detain the defendant's

cash, Montgomery Police Officers funneled the seized currency to the

United States Drug Enforcement Administration for forfeiture purposes to

deliberately frustrate the plaintiff/claimant because the Montgomery

Police Department had no probable cause to seize the defendant's money.

6.    From the date of the seizure of the money until the present time there have

been no charges filed against the plaintiff by the United States of America

or the State of Alabama connecting him with a drug transaction in which

the money seized from his person was the proceeds, or a charge where the money was intended to be used in a drug transaction, i.e a controlled buy.

7. The claimant has not engaged in any conduct which would invoke the jurisdiction of the State of Alabama or the United States of America or its agents to continue to detain the defendant's money. Such detention is an unlawful conversion and interferes with the claimant's right of dominion over and use of the money and thereby deprives him of his property without due process of law in violation of the Fourteenth Amendment of the United States Constitution and Article I, Section VI of the Alabama Constitution.

8. The claimant is the lawful and equitable owner of the money made the subject of this proceeding. The claimant has informed the Drug Enforcement Administration of this fact via written communiqué.

9. Although the claimant has continued to lay claim to the money, it remains in the custody of the United States of America Drug Enforcement Administration, therefore interfering with and preventing claimant's right of dominion over and use of the money and thereby depriving him of his property without due process of law in violation of the Fourteenth Amendment of the United States Constitution and Article I, Section VI of the Alabama Constitution.

10. The plaintiff has demanded that the defendants return his property in person and through their attorney of record and such demands have been refused.

4

11. The plaintiff categorically denies any and all assertions by the defendants that the seized money was used or was intended to be used in a manner prohibited by Title 28 U.S.C.A. 881(a)(6) or 20-2-93 Code of Alabama, 1976. Such assertions are not meritorious and are not supported by facts amounting to probable cause.

## VIOLATION OF CIVIL RIGHTS UNDER COLOR OF STATE LAW

### 42 U.S.C.A 1983

12. Plaintiff incorporates paragraphs 1-11.

13. Defendants violated the plaintiff's right to be free from unreasonable searches and seizures pursuant to the Fourth Amendment to the United States Constitution when they arrested him without probable cause.

14. Defendants James and Davis acted under color of state law.

## CONVERSION

15. Plaintiff incorporates paragraphs 1-11.

16. Defendants T.D. James, Henry Davis, and the Drug Enforcement Administration converted the plaintiff's chattel, which is the property of the plaintiff, to wit:$8,000.00 dollars in U.S. Currency.

17. Plaintiff claims punitive damages of the Defendants because of the Defendant's willful and oppressive conduct.

## CONSPIRACY TO CONVERT

18. Defendant's James and Davis and the Drug Enforcement Administration conspired to convert the plaintiff's property knowing they had no legal right to do so.

19.    Plaintiff claims punitive damages of the Defendant because of the

Defendants willful and oppressive conduct.


## DEMAND FOR JUDGMENT

Plaintiff demands judgment under the following terms:

1.    Declaration that the conduct of the defendants violated the rights of

the plaintiffs under the appropriate constitutional amendments and;

2.    That the defendants be enjoined from harassing, intimidating,

threatening or otherwise interfering with the lawful travel habits of

the plaintiffs, and;

3.    Mandatory injunctive relief requiring the defendants to

immediately restore the defendant their property and;

4.    Costs, reasonable attorney fees and;

5.    Such other relief as the Court may deem appropriate, the premises

considered.

Wherefore, claimant prays that this Court conduct a hearing on this matter and

after the hearing enter its Order restoring all rights to and possession of the money to the

claimant.

Date: _11-2-06_

Joe M. Reed
Attorney for Plaintiff

6

## CERTIFICATE OF SERVICE

I herby certify that the following was served on


The Honorable Alberto Gonzalez
Attorney General for the United States of America
Robert F. Kennedy Judicial Department
Washington, DC

The Honorable John T. Harmon,
Assistant United States Attorney for the Middle District of Alabama,
1 Court Square
Montgomery, Alabama 36104

Drug Enforcement Administration
2350 Fairlane Drive
Montgomery, Alabama 36116

Forfeiture Counsel
Asset Forfeiture Section
Office of Operations Management
Drug Enforcement Administration
2401 Jefferson Davis Highway
Alexandria, Virginia 22301.

By certified mail, return receipt.


Joe M. Reed

## IN THE CIRCUIT COURT OF MONTGOMERY, COUNTY

| | |
|---|---|
| JACQUARD MERRITT | * |
| Plaintiff, | * |
| V. | * |
| CITY OF MONTGOMERY, | * |
| ARTHUR BAYLOR, Chief of Police, | * |
| individually and officially, | * |
| T.D. JAMES, individually, and officially, | * |
| HENRY DAVIS, individually, and officially, | |
| Unnamed Montgomery Police Officers, | * |
| individually and officially. | * |
| Defendants. | * |

CV- **CV   2006**   2 2 1 5

### TEMPORARY RESTRAINING ORDER AND
### MOTION FOR RELEASE AND RETURN OF SEIZED MONEY

The claimant/plaintiff, Jacquard Merritt, by and through the undersigned, moves this

court for a Temporary Restraining Order and an order releasing and returning to him

certain personal property to wit: eight thousand dollars ($8,000.00) belonging to him and

seized by the City of Montgomery Police Department, or its agents.  As grounds for this

the claimant shows the Court the following:

1.  The claimant is the lawful and equitable owner of the money made the subject of

    this proceeding.  The claimant has informed the City of this fact.

2.  On or about July, 28, 2006, Officer T.D. James and other unknown officers of the

    Montgomery Police Department Narcotics Squad, know as "JumpStreet",

observed the plaintiff leave a residence in a neighborhood where, police aver drugs are known to be bought and sold.

3.  Montgomery Police Officers suspect that Mr. Merritt is the source of some alleged cocaine trafficked in the city of Montgomery. However, no law enforcement officer has arrested Mr. Merritt and charged him in connection with a controlled substance crime.  Furthermore, evidence supporting probable cause to issue a warrant for his arrest on such conduct or to search of any property associated with Mr. Merritt, has not been issued by a magistrate or judge.

4.  Observing no traffic violations, or unusual activity that would indicate that criminal activity was afoot, Montgomery Police Officers stopped Mr. Merritt, drew their weapons and pointed them at his head and body.

5.  Upon stopping Mr. Merritt, Montgomery Police Officers ordered him from the vehicle, wherein they physically removed him from the vehicle, and placed him against said vehicle and proceeded to pat him down.

6.  The pat down search did not reveal any contraband or illegal substance, however it did reveal approximately eight thousand dollars in cash.

7.  Mr. Merritt was handcuffed, and placed in the rear of a patrol car by officers unknown at this time.

8.  Having no reason to believe Mr. Merritt was in possession of a weapon or other contraband, or had committed any crime, Montgomery Police Officers illegally searched Mr. Merritt's vehicle, without probable cause or exigent circumstances. The search merely revealed a video camera and cellular telephone.

9. Discovering no contraband on Mr. Merritt's person or in his automobile, the police could not charge Mr. Merritt with a crime. Nevertheless, they continued their illegal detention of him and transported him against his will to Montgomery Police Headquarters for interrogation.

10. None of the defendants at the time of the above mentioned stop and search, possessed a warrant issued by any judge, court, or magistrate authorizing the stop and search and arrest of Mr. Merritt or his vehicle. Only after arriving at the police station, and after Mr. Merritt refused to speak to police officers, was it determined that Mr. Merritt had 2 outstanding misdemeanor warrants for his arrest from Montgomery County.

11. Mr. Merritt was released from custody and at a later date contacted the Montgomery Police Department and requested the return of his cellular telephone, video camera and eight thousand dollars in cash.

12. Mr. Merritt was instructed to come to narcotics headquarters and speak to Officer James, wherein his cellular phone and video camera were released. However, when Mr. Merritt inquired about the return of his eight thousand dollars, Mr. Merritt was chastised by Officer James, and threatened with a "conspiracy charge" if he persisted in his attempt to recover his funds. Officer James stated to Mr. Merritt that "you don't need to worry about that (referring to the currency), your lawyer is bullshitting you and you're going to get a conspiracy charge on you. We're gonna do a federal indictment on you..."

13. Narcotics Officers, known as "JumpStreet" have engaged in, and continue to engage in a widespread pattern and practice of harassing illegal stops and searches of young African-American males, in the city of Montgomery, whom they profile and label as "drug dealers".

14. The money was not intended to be used in violation of Section 20-2-93 of the Alabama Code, 1975, as mended, nor can the city make a probable cause/prima facie showing of a violation.

15. Montgomery Police Officers, specifically Officer T.D. James, have no probable cause to seize the plaintiff's currency. Such seizure is not meritorious, as the police department cannot connect the currency, nor the claimant with any controlled substance violation involving the currency, which could justify the seizure.

16. Although the claimant has continued to lay claim to the money, it remains in the custody of the City of Montgomery or its agents, therefore interfering with, and preventing the claimant's right of dominion over and use of the money and thereby depriving him of his property without due process of law in violation of the Fourteenth Amendment to the United States Constitution and Article one Section IV of the Alabama Constitution.

17. Plaintiff has a substantial likelihood of prevailing on the merits due to the lack of justification for seizing the plaintiff's money.

Wherefore, the claimant moves this honorable court for a temporary restraining order returning the defendant's money until a hearing on the matter at the court's earliest convenience, and after such hearing, enter its final order restoring all rights to and possession of the money to the claimant.

Respectfully Submitted,

_/s/ Joe M. Reed_
Joe M. Reed
Attorney for Defendant

Address of Counsel:

Faulk & Reed, LLP
524 S. Union Street
Montgomery, AL  36104
334.834.2000
334.834.2088 fax

## Certificate of Service

I hereby certify that the foregoing was served on the Honorable Walter Byars, City Attorney, 103 North Perry Street, Montgomery, AL  36104 by certified mail, return receipt, this 16th day of August, 2006.

Hon. Arthur Baylor, Chief of Police
320 N. Ripley St.
Montgomery, AL 36104

T.D. James
320 N. Ripley Street
Montgomery, Alabama 36104

Henry Davis
320 N. Ripley Street
Montgomery, AL 36104

City of Montgomery
103 N. Perry Street
Montgomery, AL 36104

_____/s/ Joe M. Reed
Joe M. Reed



ELECTRONICALLY FILED
10/20/2006 5:01 PM
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
MELISSA RITTENOUR, CLERK

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

JACQUARD MERRITT,                )
                                 )
    Plaintiff,              )
                                 )
v.                               )  CASE NO.  CV-06-2215
                                 )
                                 )
CITY OF MONTGOMERY, et al.,      )
                                 )
    Defendants.             )

### ANSWER OF DEFENDANTS

**COME NOW** Defendants, and as answer to Plaintiff's Complaint state unto the Court the following:

1. Defendants deny the allegations in paragraph 1 and demand strict proof thereof.

2. Defendants deny the allegations in paragraph 2 and demand strict proof thereof.

3. Defendants deny the allegations in paragraph 3 and demand strict proof thereof.

4. Defendants deny the allegations in paragraph 4 and demand strict proof thereof.

5. Defendants deny the allegations in paragraph 5 and demand strict proof thereof.

6. Defendants deny the allegations in paragraph 6 and demand strict proof thereof.

7. Defendants deny the allegations in paragraph 7 and demand strict proof thereof.

8. Defendants deny the allegations in paragraph 8 and demand strict proof thereof.

9. Defendants deny the allegations in paragraph 9 and demand strict proof thereof.

10. Defendants deny the allegations in paragraph 10 and demand strict proof thereof.

11. Defendants deny the allegations in paragraph 11 and demand strict proof thereof.

12. Defendants deny the allegations in paragraph 12 and demand strict proof thereof.

13. Defendants deny the allegations in paragraph 13 and demand strict proof thereof.

14. Defendants deny the allegations in paragraph 14 and demand strict proof thereof.

15. Defendants deny the allegations in paragraph 15 and demand strict proof thereof.

16. Defendants deny the allegations in paragraph 16 and demand strict proof thereof.

Defendants deny the allegations in paragraph 17 and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants assert that the Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants deny that Plaintiff is entitled to any relief.

### THIRD AFFIRMATIVE DEFENSE

Defendants plead the general issue.

### FOURTH AFFIRMATIVE DEFENSE

Defendants deny all material allegations not specifically admitted and demands strict proof thereof.

### FIFTH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff has failed to state injuries or damages caused by Defendants which violated Plaintiff's constitutional rights or for which any relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

Defendants plead qualified and/or discretionary function immunity. Defendants assert

tort immunity pursuant to *ALA. Code* § 6-5-338 (1975).

## SEVENTH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff was guilty of negligence, wantonness, recklessness and intentional acts or criminal acts which proximately caused or contributed to the injuries or damages he claims.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants assert state actor immunity pursuant to Article 1 § 14, Constitution of Alabama (1901).

## RESERVATION OF DEFENSES

Defendants reserve the right to plead additional defenses as they become known in the course of discovery.

Done this the 20th day of October, 2006.

/s/Kimberly O. Fehl
Kimberly O. Fehl (FEH001)
Attorney for Defendants

**Legal Division**
103 N. Perry Street
Post Office Box 1111
Montgomery, Alabama 36101-1111
(334) 241-2050
(334) 241-2310 FAX

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon the following by electronic mail/filing or by United States Mail, postage prepaid, this the 20th day of October 2006.

Joe M. Reed, Esq.
524 South Union Street
Montgomery, AL 36104

/s/ Kimberly O. Fehl
OF COUNSEL

3

E-File Receipt

| | |
|---|---|
| **County:** | 03 |
| **Case Number:** | CV200600221500 |
| **Style:** | JACQUARD MERRITT VS. CITY OF MONTGOMERY, ET AL. |
| **Document Filed:** | Complaint Denied |
| **Electronic Document Stamp:** | CV20060022150010/20/2006 5:01:32 PM91ee5d9f-d92d-4b1e-b81e-0a3fb067eab0 |

The following Documents were attached to this filing:

| Title | Description | Location |
|---|---|---|
| ANSWER | City of Montgomery, Arthur Baylor, T.D. James, Henry Davis Answer to Plaintiff's Complaint | P:\LAWSUITS\Merritt\Defendants' Answer 10.20.06.pdf |

Notice of this filing has been electronically served on:

| Party | Attorney | Email |
|---|---|---|
| | | |

Notice of this filing must be served or mailed to the following parties:

| Party | Address | City | State | Zip | Service |
|---|---|---|---|---|---|
| | | | | | |

Continue

IN THE CIRCUIT COURT OF MONTGOMERY, COUNTY

JACQUARD MERRITT                                    *

            Plaintiff,                              *

V.                                                  *        CV-06-2215

CITY OF MONTGOMERY, a municipal *
corporation,
                                                    *
DRUG ENFORCEMENT ADMINISTRATION

ARTHUR BAYLOR, Chief of Police,        *

 individually and officially,                      *

T.D. JAMES, individually, and officially,  *

HENRY DAVIS, individually, and officially,

Unnamed Montgomery Police Officers,    *

individually and officially.                       *

            Defendants.                            *

## MOTION FOR EXPEDITED HEARING

Now comes the plaintiff, by and through the undersigned and hereby moves this honorable court for an expedited hearing on his Motion to Return Seized Funds. As grounds for such motion the plaintiff shows the following:

1.  The matter is set for a hearing on January 16, 2006.

2.  The defendant has been destitute since the illegal seizure of his cash on July 28, 2006.

3.  Defendant has been living hand-to-mouth, and unable to sustain himself with dignity and respect.

4.  The defendant's financial and personal matters have been thrown into chaos as a result of the seizure, and a swift determination of the rights of the parties is most critical for all parties.

5. The probable cause hearing as to whether or not the funds are subject to forfeiture will not burden the court's time as the plaintiff expects the hearing to take no more than 20-30 minutes at the most to resolve the issue.

6. All material witnesses and counsel currently reside in Montgomery, Alabama and can appear on relatively short notice.

7. The information needed to sustain probable cause is in the possession of the defendants and is the same type of information needed to meet the threshold of securing a search or arrest warrant.

8. All documents relating to the seizure are believed to be located in Montgomery, Alabama.

Wherefore, Premises considered, the plaintiff prays that this court reset the hearing within 14 days of the filing of this motion.

Done this 2nd day of November, 2006.

Respectfully Submitted,

Joe M. Reed
Attorney for Plaintiff

**Certificate of Service**

I hereby certify that the foregoing was served on the Honorable Walter Byars, City

Attorney, 103 North Perry Street, Montgomery, AL 36104 by U.S. mail, this 2nd day of

November, 2006.

Hon. Arthur Baylor, Chief of Police
320 N. Ripley St.
Montgomery, AL 36104

T.D. James
320 N. Ripley Street
Montgomery, Alabama 36104

2

Henry Davis
320 N. Ripley Street
Montgomery, AL 36104

City of Montgomery
103 N. Perry Street
Montgomery, AL 36104

Drug Enforcement Administration
2350 Fairlane Drive
Montgomery, Alabama 36116

Joe M. Reed

## FACTS

1. The Montgomery Police Department illegally seized $8,000.00 cash from the plaintiff during a routine traffic stop and refuse to return it.

2. Montgomery Police aver that the cash is subject to forfeiture because it is connected to a controlled substance violation.

3. However, the plaintiff is not charged with a controlled substance crime to which the cash is alleged to be connected.

4. The dispute before the court is the determination of probable cause as to whether or not the defendant's cash is substantially connected to a controlled substance violation and thus subject to forfeiture by the Government.

5. Knowingly having no evidence connecting the defendant's cash to a controlled substance violation, the Montgomery Police Department funneled the plaintiff's property to the Drug Enforcement Administration for forfeiture purposes in an effort to intentionally deprive and frustrate the plaintiff of its use.

6. The above listed case cannot be properly adjudicated without adding Drug Enforcement Administration as a defendant.

7. The Drug Enforcement Administration is a necessary and indispensable party to this action because they now are in possession of the plaintiff's property.

8. As a practical matter, the defendant cannot protect his interests and assert viable defenses without this joinder.

9. Neither the Drug Enforcement Administration nor the Montgomery Police Department can show probable cause that the cash seized from the plaintiff is connected to a controlled substance crime.

Wherefore, premises considered, the defendant prays this honorable court order that the Drug Enforcement Administration be made a defendant is the above styled cause.

Done this 2nd Day of November, 2006.

Respectfully Submitted,

Joe M. Reed
Attorney for Defendant

## CERTIFICATE OF SERVICE

I herby certify that the following was served on

Drug Enforcement Administration
2350 Fairlane Drive
Montgomery, Alabama 36116

By certified mail, return receipt.

Joe M. Reed

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

Jacquard Merritt,
    Plaintiff,

v.                                    CASE NUMBER CV-2006-2215

city of Montgomery, Authur Baylor, T.D. James, Henry Davis,
    Defendant.

## ORDER

This cause having come before the Court on Amended Complaint and Motion For Release and Return of Seized Money, the same having been considered, it is hereby

ORDERED, ADJUDGED and DECREED that a hearing on said Motion is set for 12/13/2006 at 9:30AM before Judge Reese, Courtroom 4B, Montgomery County Courthouse.

All responses including, but not limited to, affidavits, briefs, or pleadings, shall be filed 7 days prior to hearing date in order to be considered. A maximum of 15 minutes has been scheduled for this hearing. Additional time may be considered with leave of Court.

Done this 17 NOV 2006.

\s\ EUGENE W. REESE
Circuit Judge

CC:
Joe Reed

Walter R Byars
Attorney for City of Montgomery
103 North Perry Street
Montgomery AL 361

Drug Enforcement Administration
2350 Fairlane Drive
Montgomery, Alabama  36116

John T. Harmon
Asst. US Attorney
1 Court Square
Montgomery, Alabama  36104

EWR

# IN THE CIRCUIT COURT OF MONTGOMERY, ALABAMA
## 15TH JUDICIAL CIRCUIT

Jacquard Merritt      *

      Plaintiff,      *

VS.      *      CV-06-2215

     *

City of Montgomery, et al.,      *

     *

     DEFENDANTS.      *

     *

## AMENDED COMPLAINT
## AND MOTION FOR RELEASE AND RETURN OF SEIZED MONEY

Now Comes the Plaintiff/claimant Jacquard Merritt, by and through the undersigned, and moves this Honorable Court for declaratory and injunctive relief and an Order releasing and returning to him certain personal property belonging to him unlawfully seized by the Montgomery, Alabama Police Department which is currently being held by the United States of America or its agent, the Drug Enforcement Administration, to wit: Eight Thousand Dollars ($8,000) in lawful United States currency. As grounds Plaintiff shows the Court the following:

### JURISDICTION

Jurisdiction is conferred via 42 U.S.C.A. §1983

### PARTIES

City of Montgomery is a municipality created by and recognized by the legislature of the State of Alabama. Plaintiff avers that the City of Montgomery

12/13/06 DEFENDANT ORDERED TO RETURN MONEY TO PETITIONER WITHIN 30 DAYS, UNLESS CONDEMNATION OR FORFEITURE PROCEEDINGS ARE FILED. CASE DISMISSED. EWR

CC: Joe Reed