IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| JACQUARD MERRITT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:06-cv-1105-MEF |
| | ) |
| CITY OF MONTGOMERY, et al., | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANTS' RESPONSE TO COURT ORDER TO SHOW CAUSE WHY THE COURT HAS JURISDICTION OF THIS CASE**

**COME NOW** Defendants, City of Montgomery, Chief Arthur Baylor, Major Henry Davis and Corporal T. D. James (collectively as "City Defendants"), and pursuant to this Court's Order of January 16, 2007, submit the following response regarding this Court's jurisdiction over this matter.

1. On September 15, 2006, Plaintiff filed a 17 paragraph Temporary Restraining Order and Motion for Release and Return on Money in the Circuit Court of Montgomery County in a civil action styled <u>Jacquard Merritt, Plaintiff v. City of Montgomery, T.D. James, Henry Davis and Arthur Baylor, Defendants</u>, Civil Action No.: CV-06-2215.

2. City Defendants filed an Answer on October 20, 2006.

3. In November, 2006, Plaintiff filed a Motion for Order to Join as a Necessary Indispensable Party and Motion to Show Cause.

4. In an Amended Complaint filed in the Circuit Court of Montgomery County, Alabama on November 8, 2006, Plaintiff added the U.S. Drug Enforcement Agency ("DEA") as a

party. The Amended Complaint was mailed to City Defendants on November 13, 2006, and claimed jurisdiction pursuant to 42 U.S.C.A. §1983 alleging that Defendants Davis and James were acting under color of law in the performance of their duties for the City of Montgomery and deprived Plaintiff of his Fourth and Fourteenth Amendment rights. Plaintiff also alleges state law claims of Conversion and Conspiracy to Convert.

6. The Notice of Removal was timely filed on December 13, 2006 within the thirty (30) day limitations set forth in 28 U.S.C. §1446(b). This action became removable on November 13, 2006, which is the date City Defendants received the copy of Plaintiff's Amended Complaint which presented for the first time the 1983 action for Fourth and Fourteenth Amendment violations. Plaintiff has never filed an objection or motion to remand the action back to state court.

7. Also on December 13, 2006, the state court held a hearing on Plaintiff's request for TRO. Counsel for the Plaintiff and City Defendants were present however DEA Defendant had still not been served. The Court, therefore, was advised that City Defendants would be filing for removal to Federal Court on that day rather than file an Answer.

8. The state court was also advised that on August 28, 2006, the City of Montgomery submitted Form DAG-71 for the U.S. Department of Justice the Application for Transfer of Federally Forfeited Property, for the seized U.S. currency in the amount of $8,000.00. However on December 13, 2006, counsel for City Defendants did not know the status of the proceeding.

. 9. At some point that same day, the Court wrote on the bottom of the Amended Complaint, "Defendant ordered to return money to petitioner within 30 days unless condemnation or forfeiture proceedings are filed. Case Dismissed". The Order was discovered simultaneously with the filing of the Notice of Removal and does not address the causes of action set out in the

complaint but only the return of seized money.

10.     Since the filing for removal and state court hearing on December 13, 2006, counsel for City Defendants has been advised that Plaintiff received notice by the federal government of the application for forfeiture of the seized funds and was given to October 25, 2006 to respond to said proceedings. Plaintiff responded on October 30, 2006, and the response was denied on November 8, 2006.

11.     The issue presently before the Court is whether this Court has jurisdiction over this case. Although Plaintiff alleged an issue regarding a federal question in his Amended Complaint that would give this Court jurisdiction, in addressing Plaintiff's request for the return of his money, the state court summarily and simultaneously on the day of the filing for removal dismissed the case.

12.     As previously stated, Plaintiff had named as Defendant, the DEA, however they were never served. Therefore no evidence or testimony has been submitted by them regarding the status of the pending forfeiture. However, previously set out in the paragraph 9 above, City Defendants have filed their application for forfeiture proceedings, said proceedings are pending and Plaintiff has acknowledged said filing in a response to the federal government on October 30, 2006.

13.     Statements made to the Court by Plaintiff's counsel during a status conference call on January 5, 2007 indicate that Plaintiff does not consider this Court to have jurisdiction over any claims in the Amended Complaint.

**WHERFORE ABOVE PREMISES CONSIDERED**, City Defendants submit that they have complied with the order of the state court and filed an application for forfeiture proceedings of the seized money with DEA. City Defendants, therefore, do not object to remand of this action to the Circuit Court of Montgomery County, Alabama, and the case in its entirety be dismissed as

previously ordered by the state court.

Respectfully submitted this the 26th day of January, 2007.

      /s/Kimberly O. Fehl
      Kimberly O Fehl (FEH001)

**OF COUNSEL:**
Legal Department
City of Montgomery
Post Office Box 1111
Montgomery, Alabama  36101-1111
(334) 241-2050
(334) 241-2310 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of the above and foregoing to the attorneys listed below by hand delivery or by placing a copy of same in the United States Mail, postage prepaid, this 26th day of January, 2007:

      Joe M. Reed, Esq.
      524 S. Union Street
      Montgomery, Alabama 36104

      /s/Kimberly O. Fehl
      Of Counsel