IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JACQUARD MERRITT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CASE NO. 2:06-cv-1105-MEF |
| | ) |
| THE CITY OF MONTGOMERY, *et al.* | ) |
| | ) |
|     Defendants. | ) |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE (DOC. #9) TO ORDER TO SHOW CAUSE ( DOC. #8), REQUESTING REMAND FOR LACK OF JURISDICTION OR, IN THE ALTERNATIVE, ISSUANCE OF RULE NISI TO DEFENDANTS**

Plaintiff, through counsel, hereby files his response to this Court's order dated January 16, 2007 (Court Doc. # 8) and the Defendants' Response thereto (Court Doc. # 9). In light of the position taken by the Defendants in their response, the following may be largely moot' however, it is being filed out of an abundance of caution.

Statement of Facts

This action was originally commenced on August 21, 2006, in the Circuit Court of Montgomery County by the Plaintiff premised upon the state law contention that the City of Montgomery had unlawfully seized and detained $8,000.00 in cash, which was the property of the Plaintiff, and, further, that the City and its agents had failed to promptly initiate forfeiture proceedings under § 20-2-93, Alabama Code 1975, as amended); more particularly, § 20-2-93(c), which states: "In the event of seizure pursuant to subsection(b) of this section, proceedings under subsection (d) of this section shall be instituted promptly." The Alabama appellate courts have held that whether a forfeiture

proceeding has been instituted "promptly" depends upon the court's review of all the relevant circumstances and the actual length of time may vary from case-to-case; however, where the court finds that the proceedings have not been promptly instituted, the seizure is ineffectual. See, *e.g., Adams v. State ex rel. Whetstone*, 598 So. 2d 967 (Ala. Civ. App. 1992).

On November 17, 2006, nine days after the filing of the amended complaint which forms the basis for the Defendants' notice of removal, and four days after their alleged receipt of such amendment, Circuit Judge Eugene W. Reese ordered the parties to appear for a hearing before him to be held on December 13, 2006. Judge Reese further ordered:

> All responses including, but not limited to, affidavits, briefs, or pleadings, shall be filed 7 days prior to hearing date in order to be considered. A maximum of 15 minutes has been scheduled for this hearing. Additional time may be considered with leave of Court.

A copy of such order was directed to Plaintiff's attorney, as well as the City Attorney, the Drug Enforcement Administration, and to John T. Harmon, Esquire, who is an Assistant U.S. Attorney for this district.

Neither the DEA nor the U. S. Attorney's Office appeared, but the City Attorney's Office did appear. At such hearing, Judge Reese exercised jurisdiction over the $8,000.00 cash *res*, which was the subject matter of the action. At the conclusion of the hearing, which was on the record, Judge Reese issued a written, signed and dated order, which was entered by the Circuit Clerk at 1:16 p.m. that day, and which simply read, "12/13/06 Defendant ordered to return money to Petitioner within 30 days, unless condemnation or forfeiture proceedings are filed. Case Dismissed. EWR" Later that afternoon, at 4:42 p.m., the Defendants filed their notice of removal.

2

At the status conference held by this Court on January 5, 2007, Plaintiff contended that this Court was without jurisdiction, inasmuch as a final order had been issued by the state court several hours prior to the removal notice being filed. The basis for such contention was that the removal statute presupposes that the action be "pending" at the time it is removed. 28 U.S.C. § 1441(a). The undersigned has not been able to find direct authority for such proposition, probably because it seems unlikely that most state courts would have moved as quickly as Judge Reese did in shortening the time for the Defendants' response to the amended complaint, and in issuing a final judgment in the case.

Authority does exist, however, that in *in rem* and in *quasi in rem* actions, the court which exercises jurisdiction first over a *res* retains such jurisdiction as a matter of comity and federalism. See, *e.g.*, *Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed.2d 285 (1939); and *Scarabin v. Drug Enforcement Administration*, 966 F. 2d 989 (5th Cir. 1992).

That Judge Reese's order of December 13, 2006 was a final judgment is confirmed by Rule 58 of the Alabama Rules of Civil Procedure, inasmuch as the order was in writing, was initialed by the judge, and indicated the substance of the adjudication. Further, the judgment was entered in the record by the clerk. Accordingly, there was no federal claim pending at the time that the removal occurred, unless the Defendants intended to appeal from their victory in having the § 1983 claim dismissed by Judge Reese, or, unless they wished to file a Rule 59 motion in this Court to have Judge Reese's final judgment altered, amended or vacated.

However, the point is now moot. The law is well established that upon removal this case was before this Court in all its particulars, including the existence of a final judgment. The Federal Rules of Civil Procedure required that the Defendants either file a Rule 59 motion within 10 days or file an appeal within 30 days in accordance with Rule 4 of the Rules of Appellate Procedure. They have done neither; nor have they complied with either of the two options made available to them by Judge Reese's final order. Accordingly, the only matter even potentially cognizable by this Court at this point would be a petition by the Plaintiff for a rule nisi or a remand to state court for enforcement of its order.

WHEREFORE, Plaintiff prays that the Court either remand the matter for lack of jurisdiction to the Circuit court of Montgomery County, Alabama, or, in the event that the Court accepts jurisdiction, that the Court immediately issue a rule nisi requiring the Defendants to show cause why they should not be held in contempt for their defiance of the final judgment of the state trial court, following its removal to this Court.

Respectfully submitted,

s/ Joe M. Reed
JOE M. REED (ASB-7499-D59J)
Attorney for Plaintiff

FAULK & REED, L.L.P.
524 South Union Street
Montgomery, AL  36104
(334) 834-2000 (Phone)
(334) 834-2088 (Fax)
joemreed@bellsouth.net

CERTIFICATE OF SERVICE

    I hereby certify that I have served counsel of record, Hon. Kimberly Owen Fehl, by means of the Court's electronic filing system.  A copy will be served on Hon. John T. Harmon, Asst. U.S. Attorney, by conventional means.

                        s/  Joe M. Reed_____
                        JOE M. REED (ASB-7499-D59J)
                        Attorney for Plaintiff